**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John V. Feneck,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Lincoln National Life Insurance Company,<br><br>　　　　Defendant. | No. CV-22-01500-PHX-JJT<br><br>**ORDER** |

At issue are Plaintiff John V. Feneck's Motion for Leave to Amend Complaint (Doc. 32) and Second Motion for Leave to Amend Complaint (Doc. 42).

This is an insurance coverage dispute in which Plaintiff alleges that he inadvertently failed to pay the full life insurance premium to Defendant Lincoln National Life Insurance Company for coverage of his parents in the event they both die. As a result, the life insurance coverage with Defendant lapsed, and Defendant denied Plaintiff's application for reinstatement of coverage. Plaintiff's father is deceased and his mother is the surviving widow, but he alleges that in the absence of life insurance coverage, he has suffered damages in the amount of one million dollars, the amount of life insurance coverage he had for his parents with Defendant. (Doc. 1-2 at 8–10.)

Plaintiff filed this action in state court on August 3, 2022 (Doc. 1-2 at 7), and Defendant removed the case to this Court on September 6, 2022 (Doc. 1) and filed an Answer on September 13, 2022 (Doc. 13). On October 7, 2022, the parties stipulated to the

dismissal of three of Plaintiff's claims, leaving claims for breach of contract based on Defendant's alleged failure to notify Plaintiff of his premium payment delinquency (Count 1) and for declaratory relief to reinstate coverage under the policy (Count 2).

The Court entered a Scheduling Order on November 28, 2022, setting a discovery deadline of April 28, 2023, and a dispositive motion deadline of September 1, 2023. (Doc. 22.) The Court set no deadline for amending the Complaint. Indeed, at the Scheduling Conference (Doc. 21), the Court pointed out the parties had proposed no deadline for amending the Complaint and asked counsel for Plaintiff, "Can I presume that that is because the plaintiff views the case as static at this point in terms of who the players are and what the theories of the case are?" (Nov. 28, 2022 Tr. at 3:18–20.) Counsel for Plaintiff responded, "Correct," and the Court directed the Courtroom Deputy to mark the case management schedule with regard to a deadline for amending the Complaint as "not applicable for that particular deliverable." (Nov. 28, 2022 Tr. at 3:21–23.)

The Court granted Plaintiff's request to change counsel on April 11, 2023 (Doc. 29) and granted two Stipulations by the parties to extend Scheduling Order deadlines (Docs. 35, 37, 43), whereby the new discovery deadline is August 28, 2023, and the dispositive motion deadline is December 1, 2023. Plaintiff has filed two motions to amend the Complaint (Docs. 32, 42), to add new claims and a new defendant to this lawsuit, arguing that Federal Rule of Civil Procedure 15 "favors freely allowing amendment so that cases may be decided on their merits." (Doc. 32 at 4 (internal quotation and citation omitted).)

Rule 15 provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)). A motion to amend the Complaint made after the deadline set forth in

the Scheduling Order—the situation Plaintiff presents here—is equivalent to a motion to amend the case management schedule, which must meet the "good cause" requirement of Rule 16(b)(4). *See Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 459 (D. Ariz. 2012). Specifically, Rule 16(b)(4) provides that the deadlines in the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, under Rule 16, "[p]rejudice is not the relevant inquiry." *Id.* A party moving to amend the Complaint must first demonstrate that he diligently worked to comply with the schedule as originally set forth in the Scheduling Order. *Morgal*, 284 F.R.D. at 459–60.

As it pertains to Plaintiff's present requests to amend the Complaint to add claims and a party (Docs. 32, 42), Plaintiff did not address in the briefing his or his counsel's diligence under Rule 16 in the period before his counsel represented to the Court the claims and parties were static and the Court entered a Scheduling Order on November 28, 2022.[1] The Court agrees with Defendant that Plaintiff has not demonstrated that the theories and party Plaintiff now proposes to add to the case arose from surprises in discovery that Plaintiff did not know, or at least reasonably could not have known, about before the Court entered the Scheduling Order.

In moving to extend discovery and dispositive motion deadlines (not at issue here), Plaintiff squarely blames his prior counsel for any delinquency, who he states was negligent and then abandoned him. (Doc. 31 at 4–5.) As Plaintiff himself points out, clients are ordinarily charged with their prior counsel's negligent acts. (Doc. 31 at 4 (citing *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).) Here, Plaintiff focuses on an insinuation that his prior counsel abandoned him, which Plaintiff argues goes

---

[1] Plaintiff did brief the Rule 16 standard as it pertained to his request to extend certain deadlines for discovery and dispositive motions (Doc. 31), but the Court did not have an opportunity to address those arguments because it ruled on Plaintiff's requests to extend those deadlines based on the parties' stipulations, including the expert discovery deadlines as part of the stipulated extension of discovery in this matter.

beyond negligent acts. (Doc. 31 at 3–4.) But Defendant shows that Plaintiff's prior counsel prepared for and participated in the case management planning, provided an initial disclosure statement, and provided timely discovery responses. The case record does not support the conclusion that Plaintiff's prior counsel abandoned him in the period leading up to, or even after, the Scheduling Conference—the time period at issue here.[2]

In short, Plaintiff has not shown that the claims and party he now proposes to add could not have been added with reasonable diligence before the Court entered a Scheduling Order. As a result, Plaintiff has not shown good cause under Rule 16 for the Court to amend the Scheduling Order to allow Plaintiff to amend the Complaint now.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Leave to Amend Complaint (Doc. 32) and Second Motion for Leave to Amend Complaint (Doc. 42).

Dated this 9th day of August, 2023.

Honorable John J. Tuchi
United States District Judge

---

[2] While Plaintiff's new counsel also argues that prior counsel did not adequately explain to Plaintiff certain Scheduling Order deadlines, the Court does not have evidence before it from Plaintiff or his prior counsel and declines to conduct an evidentiary hearing on the subject.